UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

JAVIER NUNO,

    Plaintiff,

v.

BRYAN WILLIAMS a/k/a
"BIRDMAN",

    Defendant.
_____/

## COMPLAINT

Plaintiff JAVIER NUNO, by and through the undersigned counsel, hereby sues Defendant, BRYAN WILLIAMS a/k/a "BIRDMAN" the musical artist ("Defendant"), and in support thereof avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant BRYAN WILLIAMS a/k/a "BIRDMAN" the musical artist resides in Miami Dade-County, Florida, where Plaintiff at all relevant times worked for Defendant at Defendant's residence and was a covered employee for purposes of the FLSA.

5. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendant as a non-exempt employee from on or about September 2012, through on or about February 23, 2015.

9. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week, and was supposed to be paid once a month approximately equating $1,000.00 each week as salary.

10. As such, Plaintiff was paid at an hourly rate of approximately $25.00 ($1,000.00 weekly pay ÷ 40 hours worked) for every hour worked.

11. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

12. Plaintiff, during the relevant time period, from on or about September 2012, through on or about February 23, 2015, worked approximately thirty (30) hours of overtime each week for 129 weeks.

13. Plaintiff worked approximately thirty (30) overtime hours each week for which he was not paid at one and one half times his regular rate as provided by the FLSA. As such, Plaintiff's overtime rate is $12.50 (0.5 x $25.00) per hour for his thirty (30) hours of

overtime each week. As such, Plaintiff is owed approximately $48,375.00 ($12.50 "halftime" overtime rate x 30 approximate hours of overtime each week x 129 weeks) in unpaid overtime wages.

14. Defendant did not honor paying Plaintiff the compensation agreed upon at the beginning of Plaintiff's employment. Plaintiff is owed approximately $129,000.00 ($25.00 hourly rate x 40 hours weekly x 129 weeks) in unpaid hourly wages. As such, Plaintiff is owed approximately $177,375.00 ($48,375.00 unpaid overtime + $129,000.00 unpaid hourly wages) in **unliquidated** overtime and unpaid wages as well as an additional equal amount in **liquidated** damages, namely totaling $354,750.00 in liquidated overtime and unpaid wages.

## COUNT I
### *Wage & Hour Federal Statutory Violation against BRYAN WILLIAMS a/k/a "BIRDMAN"*

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

16. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

17. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

18. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state

lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

20. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

21. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

22. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

23. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit*

*Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 8/11/2015

Respectfully submitted,

_____
Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
Anaeli C. Petisco, Esq.
Florida Bar No. 0113376
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
Email: agp@rgpattorneys.com
Email: apetisco@rgpattorneys.com