UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-23009-LENARD/Goodman

JAVIER NUNO,

       Plaintiff,

v.

BRYAN WILLIAMS a/k/a
"BIRDMAN",

       Defendant.
_____/

## PLAINTIFF'S STATEMENT OF CLAIM

Plaintiff, BRYAN WILLIAMS (hereinafter "Plaintiff"), by and through undersigned counsel, hereby submits, pursuant to this Honorable Court's Order, dated August 13, 2015 as D.E. No. 5, Plaintiff's Statement of Claim. As grounds, Plaintiff respectfully states as follows:

1. Plaintiff has endeavored at this stage of litigation to formulate his Statement of Claim on the basis of the best data available. In addition, this response is based upon Plaintiff's counsel's understanding of the facts and the information reviewed thus far.

2. Although there has not been an opportunity for formal discovery, this Statement of Claim is submitted for the purpose of complying with this Honorable Court's Notice of Court Procedure in Actions Brought Under the Fair Labor Standards Act and Referral to Magistrate Judge for Settlement Conference. *See*, [CM/ECF D.E. #5]. Defendants and/or persons who are non-parties or who are no longer employees of Defendants may have relevant information or documents, but

1

Plaintiff are not purporting to provide in this Statement of Claim, confirmed information, if any, presently possessed by such persons.

3. Discovery is ongoing, thus this Statement of Claim, while believed to be accurate, does not constitute an affidavit or a binding statement and is subject to the Federal Rules of Evidence and Procedure. Because additional facts likely would be uncovered through discovery, the Plaintiff in no way waives his right to present new or additional information at a later date, for substance or clarification. Moreover, by submitting this Statement of Claim, the Plaintiff does not waive, and hereby preserves, any and all substantive and procedural rights that may exist.

4. **Initial Estimate of the Total Amount of Alleged Unpaid Wages**: Plaintiff Nuno at this time alleges that a pre-discovery estimate that is due and owing to Plaintiff Nuno is: **Three Hundred and Fifty-Four Thousand Seven Hundred and Fifty Dollars and 00/100 ($354,750.00)**—this amount includes liquidated damages.

5. **Calculation of Unpaid Wages**: Plaintiff calculates the amount of unpaid wages that is due and owing as follows: The Fair Labor Standards Act requires that most employees be paid at least the Federal minimum wage for all hours worked and overtime pay at time and one-half the regular pay for all hours worked over forty (40) in a workweek. In the case at bar, the Plaintiff's pre-forty hours pay rate was above the mandated minimum wage. Specifically, Plaintiff Nuno was to be paid a monthly salary of $4,000.00 equating to approximately $1,000.00 each week and approximately $25.00 per hour from on or about September 2012 through on or about February 23, 2015 (approximately 129 weeks). Defendant failed to pay Plaintiff Nuno both the agreed upon compensation and the proper overtime rate

for all post-forty hours worked, as required by law. Had Defendant complied with the federal law, Plaintiff's overtime rate of pay would have been $12.50 per hour post-forty ($25.00 x 0.5). The calculations for unpaid wages and unpaid overtime wages for Plaintiff Nuno are illustrated in the following chart:

6. Plaintiff Nuno performed work for Defendant as a non-exempt employee from on or about September 2012 through February 23, 2015.

7. Throughout Plaintiff Nuno's employment, Plaintiff Nuno worked in excess of forty (40) hours each week, and was to be paid approximately $1,000.00 each week which equates to an hourly wage of $25.00 ($1,000.00 ÷ 40).

8. Plaintiff Nuno was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

9. Plaintiff Nuno, during the relevant time period, from on or about September 2012 through on or about February 23, 2015, worked approximately thirty (30) hours of overtime each week for one hundred and twenty-nine (129) weeks.

10. During relevant time period, Plaintiff Nuno worked approximately thirty (30) overtime hours each week for which he was not paid at one and one half times his regular rate as provided by the FLSA. As such, Plaintiff Nuno's overtime rate is $12.50 (0.5 x $25.00) per hour for his approximately thirty (30) hours of overtime each week.

11. As such, Plaintiff Nuno is owed approximately $48,375.00 ($12.50 "halftime" overtime rate x 30 overtime hours each week x 129 weeks) in unpaid overtime wages.

12. Additionally, Defendant did not honor paying Plaintiff Nuno the compensation agreed upon at the beginning of Plaintiff's employment; namely the $4,000.00 per month salary.

13. Plaintiff Nuno is owed approximately $129,000.00 ($25.00 hourly rate x 40 hours weekly x 129 weeks) in unpaid hourly wages.

14. As such, Plaintiff Nuno is owed approximately $177,375.00 ($48,375.00 unpaid overtime + $129,000.00 unpaid hourly wages) in **unliquidated** overtime and unpaid wages, as well as an additional equal amount in **liquidated** damages, namely totaling $354,750.00 in **liquidated** overtime and unpaid wages.

15. Nature of Wages: unpaid overtime and unpaid wages.

|  | OVERTIME PREMIUM RATE PER HOUR OWED | APPROX. UNPAID OVERTIME HOURS WORKED PER WEEK | NUMBER OF WEEKS | TOTAL WAGES OWED (unliquidated) |
|---|---|---|---|---|
| JAVIER NUNO | $25.00 (Regular Hourly Rate) | 40 HOURS | 129 WEEKS | $129,000.00 |
| JAVIER NUNO | $12.50 (Overtime Rate) | 30 HOURS | 129 WEEKS | $48,375.00 |

**WHEREFORE**, based on the foregoing, the Plaintiff files this Statement of Claim.

Dated: August 19, 2015

4

Respectfully submitted by,

_/s/_

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
Anaeli C. Petisco, Esq.
Florida Bar No. 113376

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
Email: agp@rgpattorneys.com
Email: apetisco@rgpattorneys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Bryan Williams
70 Palm Avenue
Miami Beach, Florida 33139
*(via CM/ECF to be served once Defendant appears)*

by: _/s/_
Anaeli C. Petisco, Esq.
Florida Bar No. 113376

5